1

2

3                              **UNITED STATES DISTRICT COURT**

4                                   **DISTRICT OF NEVADA**

5                                            * * *

6   Princess Emilily Hotep El; Monica Rene          Case No. 2:22-cv-00874-APG-DJA
    Hall Estate Trust,

7                        Plaintiffs,                               **Order**

8         v.

9   Ally Bank; Aldridge Pite Haan, LLP,

10                       Defendants.

11

12        *Pro se* plaintiff Princess Emilily Hotep El[1] has filed seven motions including four motions

13   to remove or strike Defendants' pleadings (ECF Nos. 31, 39, 40, 42), two motions "for

14   counterclaim debt" (ECF Nos. 36, 41), and a "motion in agreement for PFJR" (ECF No. 32).

15   However, it is unclear what relief these motions seek or the legal grounds on which El seeks

16   relief.  Additionally, El's motions appear to be rooted in theories attributable to the "sovereign

17   citizen" movement, which theories courts have rejected.  The Court thus denies each of El's

18   motions.

19   **I.        Discussion.**

20        Not only do El's motions fail to state the grounds for the relief she seeks or even what

21   relief she seeks, El's motions are based on her theory that she is a "foreign national" over which

22   the United States government does not have jurisdiction.  A recurring theme throughout these

23   motions is that El—who refers to herself as "Diplomat princess emilily hotep el"—asserts that

24

25

26   [1] The Monica Rene Hall Estate Trust is listed as a plaintiff in this action.  It appears that El is
     purporting to represent this entity.  However, El cannot represent the trust because corporate
27   defendants must appear in court through an attorney.  *See In re Am. W. Airlines*, 40 F.3d 1058,
     1059 (9th Cir. 1994); *see United States v. High Country Broad.*, 3 F.3d 1244, 1245 (9th Cir.
28   1993).

1   she is not the same individual as "MONICA RENE HALL," whom El refers to as the "all caps

2   incorporation."  (ECF No. 31 at 1, 6).

3        These motions appear to stem from El's apparent adherence to the "sovereign citizen"

4   anti-government movement.  As one court described it:

5
6   Though the precise contours of their philosophy differ among the various groups, almost all antigovernment movements adhere to a theory of "sovereign citizen."  Essentially, they believe that our nation is made up of two types of people: those who are sovereign citizens by virtue of Article IV of the Constitution, and those who are "corporate" or "14th Amendment" citizens by virtue of the ratifications of the 14th amendment.  The arguments put forth by these groups are generally incoherent, legally, and vary greatly among different groups and different speakers within those groups. They all rely on snippets of 19th Century court opinions taken out of context, definitions from obsolete legal dictionaries and treatises, and misplaced interpretations of original intent.  One of the more cogent[—]in the sense that it is readily followed—arguments is that there were no United States citizens prior to the ratification of the 14th Amendment.  All Americans were merely citizens of their own state and owed no allegiance to the federal government.  As a result of that amendment, however, Congress created a new type of citizen—one who now enjoyed privileges conferred by the federal government and in turn answered to that government.

One of the ramifications of this belief is the dependent belief that, unless one specifically renounces his federal citizenship, he is not the type of citizen originally contemplated by the Constitution.  And, in their view, the Constitution requires all federal office holders to be the original or sovereign type of citizen, a state citizen rather than a United States citizen.  As a result, all federal officers are holding office illegally and their laws and rules are thus constitutionally suspect.

22   *Clarke v. Allen*, No. 3:17-cv-00582-MMD-WGC, 2020 WL 3510921, at *1-2 (D. Nev.

23   June 29, 2020) (quoting *United States v. Mitchell*, 405 F. Supp. 2d 602, 605 (D. Md. 2005)).

24        Other courts have described a similar theory based on the belief that passing the

25   Fourteenth Amendment led to fictitious entities:

26   Supposedly, prior to the passage of the Fourteenth amendment, there were no U.S. citizens; instead, people were citizens only of their individual states.  Even after the passage of the Fourteenth Amendment, U.S. citizenship remains optional.  The federal

government, however, has tricked the populace into becoming U.S. citizens by entering into "contracts" embodied in such documents as birth certificates and social security cards.  With these contracts, an individual unwittingly creates a fictitious entity (*i.e.*, the U.S. citizen) that represents, but is separate from, the real person. Through these contracts, individuals also unknowingly pledge themselves and their property, through their newly created fictitious entities, as security for the national debt in exchange for the benefits of citizenship.

*Id.* (quoting *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758 (W.D. Va. 2007)).

However, "[t]he attempt to divide oneself into two separate entities…is a legal fiction and has been struck down consistently in courts and around the country." *Id.* (internal citations and quotations omitted).  As the Honorable Magistrate Judge William G. Cobb aptly explained, "[t]his court, like others across the country, concludes that 'sovereign citizens,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Id.* (internal citations and quotations omitted).  "Laws of the United States apply to all persons within its borders." *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003).  "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.  These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

The Court rejects El's theory that she is entitled to some form of relief through her motions simply because she declares herself a "foreign national" or "sovereign citizen."  It also rejects her theory that she is entitled to some form of relief because Defendants have referred to her as the "corporate" entity: Monica Rene Hall.  The Court will not entertain future motions based on these theories.

**IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 31, 32, 36, 39, 40, 41, and 42) are **denied.**

DATED: July 22, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE