UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PRINCESS EMILILY HOTEP EL and MONICA RENE HALL ESTATE TRUST,<br><br>Plaintiffs<br><br>v.<br><br>ALDRIDGE PITE HAAN LLP and ALLY BANK,<br><br>Defendants | Case No.: 2:22-cv-00874-APG-DJA<br><br>**Order Remanding Case and Denying as Moot All Other Pending Motions**<br><br>[ECF Nos. 16, 17, 51, 52, 60] |

Princess Emilily Hotep El and Monica Rene Hall Estate Trust (collectively, "Hotep El") removed this action from state court. ECF No. 2; *see also* ECF Nos. 8 (second notice of removal); 24 at 5 (stating that this "matter is now removed in District Federal Court, the lower court or State Court has no jurisdiction of any kind"); 25 at 1 (stating they removed state case number A-21-843907-C to this court). Although Hotep El also filed something entitled a "complaint" and an "amended complaint," those documents are mistitled and instead appear to be attempts at asserting counterclaims in the underlying lawsuit. Ally Bank is the plaintiff in the underlying state court suit. ECF No. 16 at 16.

Ally moves to remand, arguing that there is no subject matter jurisdiction in this court because the underlying lawsuit involves only state law claims valued at under $20,000. Hotep El contends that removal is proper because she is asserting that the defendants violated various federal laws. She also argues the amount in controversy exceeds $75,000 because she seeks several million dollars against Ally.

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir.

2000).  Under 28 U.S.C. § 1441(a), federal courts have removal jurisdiction over a claim that could have been brought in federal court originally.

Under 28 U.S.C.§ 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Ally's complaint alleges only state law claims, so there is no federal question jurisdiction. *See* ECF No. 16 at 16-20.  Hotep El's federal defenses or counterclaims cannot create federal question jurisdiction for removal. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (stating that a counterclaim cannot serve as the basis for federal question jurisdiction); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007) (stating that "the existence of a defense based upon federal law is insufficient to support jurisdiction" (quotation omitted)).

There is no diversity jurisdiction to support removal in this case either.  Under 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."  Ally seeks far below the jurisdictional amount in controversy in the underlying action. *See* ECF No. 16 at 16-20.  Again, Hotep El cannot rely on the amount she seeks on any counterclaims to support removal.

As the party seeking to invoke this court's jurisdiction, Hotep El bears the burden of proving this court has jurisdiction. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).  Hotep El has not done so.  I therefore remand this action to the state court from which it was removed.

Because I remand the case, I deny all pending motions as moot.  This includes Aldridge Pite Haan LLP's motion to dismiss, which appears to be moot for the additional reason that Aldridge Pite is not named in the amended notice of removal at ECF No. 8.

I THEREFORE ORDER that Ally Bank's motion to remand **(ECF No. 16) is GRANTED**. All other pending motions **(ECF Nos. 17, 51, 52, 60) are DENIED as moot** and the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 23rd day of September, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3